# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX TABATABAEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. STANTORO, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01545-LJO DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br>(Document 43)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STATUS AS MOOT<br>(Document 46) |

Plaintiff Alex Tabatabaee ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's May 1, 2015, First Amended Complaint on the following claims: (1) conspiracy under section 1983 against all Defendants; and (2) retaliation in violation of the First Amendment against all Defendants.

Defendants filed an answer on February 22, 2016, and the action is currently in discovery.

On April 21, 2016, Plaintiff filed a timely motion for leave to file a Second Amended Complaint. Defendants did not oppose the motion and it is therefore deemed submitted pursuant to Local Rule 230(l).

**DISCUSSION**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)

1

(quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  *Id*.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff seeks to amend to add the name of a previously unknown Doe Defendant and to cure perceived deficiencies.  The Court has reviewed Plaintiff's proposed Second Amended Complaint and there is no indication that the amendments will prejudice Defendants, nor are they sought in bad faith.  There is also no indication that the amendments will cause undue delay, and they do not appear to be futile.

Accordingly, Plaintiff's motion for leave to file a Second Amended Complaint is GRANTED.[1]  The Clerk of Court SHALL FILE Plaintiff's lodged Second Amended Complaint.  Plaintiff's motion for status is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **May 24, 2016**                           **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff will be directed on service for Defendant Yoder by separate order.

2