# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX TABATABAEE, | 1:14-cv-01545-LJO-GSA-PC |
| Plaintiff, | **ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINE**<br>**(ECF. 57.)** |
| v. | |
| K. SANTORO, et al., | **ORDER DENYING REQUEST FOR JUDICIAL NOTICE**<br>**(ECF No. 55.)** |
| Defendants. | |
| | **ORDER GRANTING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL**<br>**(ECF No. 56.)** |
| | **ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL**<br>**(ECF No. 59.)** |
| | **ORDER FOR DEFENDANTS TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST #4 OF PLAINTIFF'S FIRST MOTION TO COMPEL, PURSUANT TO THIS ORDER, WITHIN 30 DAYS** |
| | **New Discovery Deadline: <u>January 30, 2017</u>** |

## I.      BACKGROUND

Alex Tabatabaee ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 2, 2014, Plaintiff filed the Complaint

1

commencing this action. (ECF No. 1.) This case now proceeds with the Second Amended Complaint filed on May 25, 2016, against defendants Santoro, Marshall, Thompson, Gomez, Ruiz, McKee, Ervin, Thomas, and Yoder, on Plaintiff's claims for conspiracy and retaliation. (ECF No. 48.)

On February 23, 2016, the Court issued a Discovery and Scheduling order setting a deadline of July 22, 2016, for completion of discovery including the filing of motions to compel, and a deadline of September 20, 2016 for the filing of pretrial dispositive motions. (ECF No. 34.)

On July 25, 2016, Plaintiff filed a request for judicial notice. (ECF No. 55.)

On August 3, 2016, Plaintiff filed a motion to compel production of documents pursuant to Plaintiff's first request for production of documents served on April 22, 2016. (ECF No. 56.) On August 24, 2016, Defendants filed an opposition to the motion. (ECF No. 58.) The motion to compel is ready for ruling. Local Rule 230(*l*).

On August 8, 2016, Plaintiff filed a motion for extension of the discovery deadline. (ECF No. 57.) Defendants have not filed an opposition. This motion is ready for ruling. Local Rule 230(*l*).

On August 25, 2016, Plaintiff filed a second motion to compel production of documents, pursuant to Plaintiff's second request for production of documents served on April 28, 2016. (ECF No. 59.) On September 13, 2016, Defendants filed an opposition to the motion. (ECF No. 61.) The motion to compel is ready for ruling. Local Rule 230(*l*).

Now before the Court are Plaintiff's motion to extend discovery, request for judicial notice, and two motions to compel.

## II.    SUMMARY OF THE SECOND AMENDED COMPLAINT

The events at issue in Plaintiff's Second Amended Complaint allegedly took place at Wasco State Prison (WSP) when Plaintiff was incarcerated there. Plaintiff's allegations follow.

On June 10, 2012, after a serious suicide attempt, Plaintiff was removed from the general population and admitted to the Correctional Treatment Center (CTC) at WSP for medical and safety purposes. On June 13, 2012, at CTC, Plaintiff sustained serious physical

injures while under the care of CRC's nursing and custody staff who failed to provide Plaintiff with safety and adequate medical treatment.

On June 20, 2012, during a <u>Vitek</u>[1] hearing with his counselors McKee, Thompson, etc., Plaintiff informed them of his intentions to sue WSP staff for his injuries, upon his discharge from CTC by filing CDC-602 appeals. Defendant Thompson told Plaintiff, "We have a special treatment for cry babies like you who are sue happy! You forgot that we as your case management administrators have the power to arrange your transfer to any prison within California. So if you wanna be a smart ass & try to file 602's to hold our staff accountable for your injuries, then we'll transfer you to a prison as far away as possible from your elderly parents so that it'll be very hard or impossible for you to see them!" (ECF no. 48 at 13:7-13.) On June 23, 2012, Plaintiff was discharged from CTC and housed at facility B6 at WSP.

On June 27, 2012, and July 12, 2012, Plaintiff filed health care appeals for the events that caused him to be injured on June 13, 2012. The first appeal was reclassified as a staff complaint. On or about July 12, 2012, defendants Ervin, Thompson, Ruiz, Thomas, and Yoder, under orders from defendants Santoro and Marshall, arranged a retaliatory transfer for Plaintiff to High Desert State Prison (HDSP) after finding out about Plaintiff's staff complaint, despite Plaintiff's hardship transfer issues raised previously in Plaintiff's appeal dated April 5, 2012. HDSP is notorious for its high level of corruption among staff and the harshest confinement conditions of all CDCR institutions. Defendants had direct knowledge of Plaintiff's elderly parents' medical conditions and Plaintiff's transfer hardship issues which caused Plaintiff to be housed at an institution closest to his family.

Defendants conspired to cover up their retaliatory motives by falsifying Plaintiff's transfer chrono. By July 23, 2012, Plaintiff was informed that the attempt to transfer him had failed.

On July 26, 2012, Plaintiff's counselor Defendant McKee told Plaintiff, "There has been a lot of talk about you among the administrators! My new supervisor CCII Ruiz even got

---

[1] <u>Vitek v. Jones</u>, 445 U.S. 480 (1980) (the involuntary transfer of a prisoner to a mental hospital implicates a liberty interest protected by the Fourteenth Amendment's due process clause).

a call recently from CEO Marshall about you to arrange your transfer because of your active staff complaint. So it was decided by the supervisory case management administrators to arrange your transfer ASAP regardless of your family hardship issues related to your transfer. . . . I'm at the bottom of the barrel, I cannot go against my supervisor's decisions about your transfer. But this is what usually happens when an inmate like yourself becomes a headache for administrators by filing staff complaints and trying to sue staff. We already had warned you during your <u>Vitek</u> hearing at CTC about the outcome, if you tried to file appeals to hold our staff accountable for your injuries. Hopefully, you'll learn your lesson from this!" (ECF No. 48 at 18:6-20.)

Defendants met together to arrange a second retaliatory transfer attempt for Plaintiff, to California State Prison-Sacramento (CSP-SAC), using a fraudulent chrono. On August 6, 2012, Plaintiff was transferred from WSP to CSP-SAC. This retaliatory transfer did not advance any legitimate correctional goals. On August 17, 2012, Plaintiff filed an appeal concerning his transfer. The appeal was sent to WSP's appeals coordinators for processing. WSP appeals coordinators refused to investigate the transfer. Defendants Escalante and Schultz conspired with WSP's officials to cover up their actions by combining Plaintiff's appeals and stating that Plaintiff had already exhausted his remedies.

Plaintiff was the victim of an assault by other inmates at CSP-SAC, causing him serious and permanent injuries. These injuries were preventable if Plaintiff had not been transferred. Plaintiff continued to file appeals against WSP officials for transferring him, but the appeals were not processed.

Plaintiff requests monetary damages, attorney fees, and costs of suit.

## III.   MOTION TO EXTEND THE DISCOVERY DEADLINE

### A.   <u>Legal Standard</u>

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.,</u> 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due

diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

**B.**    **Discussion**

Plaintiff requests a 120-day extension of the discovery deadline, extending it from July 22, 2016 to November 20, 2016.   Plaintiff asserts that he was unable to serve his first request for production of documents until April 22, 2016, because of his ongoing chronic health conditions.   Plaintiff states that he served his second and third requests for production of documents on April 28, 2016 and May 9, 2016.  Plaintiff argues that his "requests were very clear (*sic*) and specific, and resonably (*sic*) calculated to the discovery of highly admissible evidence, [but] Defendants' counsel have repetitively (*sic*) made unnecessary & deceitful objections [and] produced solely partial documents . . ."  (ECF No. 57 at 2:8-12.)   Plaintiff argues that more time for discovery is needed because service of the Second Amended Complaint upon defendant Yoder was not ordered until June 8, 2016, and none of the Defendants have answered the Second Amended Complaint.

Plaintiff's request to extend discovery is unopposed by Defendants.  The Court finds that even with due diligence Plaintiff was unable to complete discovery by the Court's discovery deadline in light of the fact that Defendants had not answered the operative complaint before the deadline expired.   Therefore, the Court finds good cause to grant Plaintiff's request and extend the discovery deadline, for all parties, to January 30, 2017.

**IV.    REQUEST FOR JUDICIAL NOTICE**

**A.    Legal Standard**

Under Federal Rule of Evidence 201(b) ("Rule 201"), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned."  The court may not take judicial notice of any matter that is in dispute.  Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

### B.   Discussion

Plaintiff requests the Court to take judicial notice of the fact that there is a pattern of conduct by members of the California Attorney General's Office objecting to discovery requests made by prisoners proceeding pro se to delay discovery.  Plaintiff asserts that the Deputy Attorney Generals falsely object to the production of documents as overly broad, vague, not specific as to time, and because the requested information is equally available to prisoners.  Plaintiff asks the court to acknowledge these malicious and deceitful litigation discovery practices.

Such information is not the type of evidence that is subject to judicial notice under Rule 201, because it is subject to reasonable dispute and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Therefore, Plaintiff's request for judicial notice shall be denied.

### V.   PLAINTIFF'S MOTIONS TO COMPEL (ECF NOS. 56, 59.)

### A.   Applicable Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  A party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

1  _Avila v. Willits Envtl. Remediation Trust_, 633 F.3d 828, 833 (9th Cir. 2011)).  Generally, if the

2  responding party objects to a discovery request, the party moving to compel bears the burden of

3  demonstrating why the objections are not justified.  E.g., _Grabek v. Dickinson_, No. CIV S–10–

4  2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); _Ellis v. Cambra_, No. 1:02–cv–

5  05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008).  This requires the

6  moving party to inform the Court which discovery requests are the subject of the motion to

7  compel, and, for each disputed response, why the information sought is relevant and why the

8  responding party's objections are not meritorious.  _Grabek_, 2012 WL 113799, at *1; _Womack v._

9  _Virga_, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

10  The moving party bears the burden of demonstrating "actual and substantial prejudice" from

11  the denial of discovery.  _See_ _Hallett v. Morgan_, 296 F.3d 732, 751 (9th Cir. 2002) (citations

12  omitted).

13       Notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant;

14  therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on

15  its merits.  _Hunt_, 672 F.3d at 616; _Surfvivor Media, Inc. v. Survivor Productions_, 406 F.3d 625,

16  635 (9th Cir. 2005); _Hallett_, 296 F.3d at 751.)

17       **B.       Plaintiff's First Motion to Compel (ECF No. 56.)**

18       Plaintiff requests further responses to four of the requests made in Plaintiff's Request

19  for Production, Set One, which were served upon Defendants on April 22, 2016.  Defendants

20  responded to the requests on May 23, 2016 and made supplemental responses on July 11, 2016.

21  The Court shall address each request in turn.

22  **REQUEST #1:**

23       Any and all documents that refer or relate to policies, procedures, and practices
         that were in full effect in the relevant time period (as stated in Definitions) for
24       Wasco State Prison's classification administrators/correctional case management
         administrators regarding the transfer of inmates from Wasco State Prison.  This
25       request includes but is not limited to all policies, procedures, or practices
         generated by the CDCR as well as policies, procedures, or practices specific to
26       Wasco State Prison.

27  ///

28  ///

**RESPONSE TO REQUEST #1**:

Responding parties object to this request on the grounds that it is vague as to time, is overly broad, and seeks information that is equally available to Plaintiff. Without waiving said objections, and assuming Plaintiff is requesting the policies and procedures for transferring inmates from one institution to another that were in effect during 2012, those documents are being produced as Attachment 1.

**PLAINTIFF'S POSITION**:

Plaintiff argues that this request is not vague as to time, as he clearly stated the time period in his instructions to be from June 9, 2011 to August 9, 2012. Plaintiff further argues that WSP's training policies are not equally available to him, because he is an inmate who is housed at CSP-LAC. Plaintiff also asserts that the procedures and policies for transferring inmates provided by Defendants is dated April 20, 2016 and therefore was not in effect during the relevant time period in 2012.

**DEFENDANTS' POSITION**:

Defendants objected on the grounds that the request was overly broad and sought documents equally available to Plaintiff, specifically the California Code Regulation, title 15, and the Department Operations Manual. Notwithstanding the objections, Defendants provided all of the responsive documents, including the Operations Manual Supplement from WSP that relate to the inmate classification process. The Operations Manual Supplement was provided by the institution, and is the current and only version. There are no other documents responsive to Plaintiff's request.

**RULING**:

The Court finds Defendants' response to Request #1 to be sufficient. Defendants have represented that they provided all of the responsive documents that exist. Defendants cannot be expected to produce documents that do not exist. Therefore, Plaintiff's motion to compel a further response to Request #1 shall be denied.

**REQUEST #2**:

Any and all records of training that has (*sic*) been provided to each defendant on transfer procedures/process, classification procedures & practices, and the housing of inmates. The time frame for this discovery request is the time each defendant became employed by CDCR including Wasco State Prison up to August 9th, 2012.

**RESPONSE TO REQUEST #2**:

Responding parties object to this request on the grounds that it is overly broad in that it seeks information for periods of time that far exceed the relevant time frame. Without waiving said objections, the training records of Defendants Marshall, Santoro, and Thomas from 2012, and of Defendant Thompson from 2011, are being produced as Attachment 2. Defendant Thompson retired from CDCR on June 27, 2012, before he was required to take his scheduled training for 2012, therefore he has no training records for 2012. The training records for

Defendants Gomez and Ervin have been requested from the Classification Services Unit, but have not yet been received.  The training records for Defendant McKee have been requested from the institution, but due to computer problems at the prison, those documents have not yet been received.  The training records for Gomez, Ervin, and McKee for 2012 will be provided to Plaintiff upon receipt by Defendants' counsel.

**SUPPLEMENTAL RESPONSE TO REQUEST #2 (July 11, 2016):**

The training records for Defendants Ervin and McKee are being produced as Attachment 1.  After a diligent and thorough search at both the institution and the archives unit, training records for Defendant Gomez could not be located.  However, should they be found, they will be provided to Plaintiff.

**PLAINTIFF'S POSITION:**

Plaintiff argues that this request is not overly broad because he needs to inspect all records of training for each defendant on transfer and classification procedures because he is claiming retaliatory transfer, improper housing, and conspiracy.  Plaintiff asserts that Defendants and their counsel have produced fabricated false training records to hide the training records of each defendant. The training records lack the necessary signatures required on the forms, the rating section is typed over, and defendant Santoro's position is misstated as Corr. Administrator instead of Corr.Counselor II.  Plaintiff also asserts that Defendants failed to produce the training records of Defendants Ruiz and Gomez, stating that the records for Gomez could not be located, which Plaintiff finds unbelievable.  Plaintiff also questions the authenticity of the documents produced by Defendants.

**DEFENDANTS' POSITION:**

Defendants objected to Request #2 on the grounds that the documents sought far exceeded the relevant time frame provided by Plaintiff. Following the objection, Defendants produced the training records for Defendants Marshall, Santoro, and Thomas for 2011-2012, and for Defendant Thompson from 2011, explaining that Thompson retired before his scheduled training in 2012. (DX A, p. 2:19-27.) Plaintiff was also advised that counsel for Defendants had not received the training records for Defendants Gomez, Ervin, and McKee, but would provide them once received.

Defendants supplemented their response to Request #2 on July 11, 2016, providing the training records for Defendants McKee and Ervin. (Defendants' Exhibit B (DX B), Defendants' Supplemental Responses to Plaintiff's Request for Production of Documents, Set 1.) After a diligent search of both the Archives Unit and the institution, no training records for Defendant Gomez could be located.  Counsel for Defendants overlooked the records for Defendant Ruiz, but they have been ordered and will be sent to Plaintiff once received. Thus, all training records for the relevant time frame, except those for Defendant Ruiz, have been provided to Plaintiff, and no further response is needed.

**RULING:**

The Court finds Defendants' responses to Request #2 to be sufficient. Defendants represent that they made a diligent search of the Archives Unit and the institution and produced the documents requested to the best of their ability. Defendants also state that they have requested other responsive records and will

provide them to Plaintiff once received.  Plaintiff's assertion that the documents produced by Defendants are false because Defendants want to hide the training records is unsubstantiated by evidence.  Therefore, Plaintiff's motion to compel a further response to Request #2 shall be denied.

## REQUEST #3:

Any and all documents received, read, or reviewed by each defendant that refer or relate to training, policies, customs, or practices on transfer and housing of inmates, while employed by CDCR & Wasco State Prison up to August 9th 2012.

### RESPONSE TO REQUEST #3:

Responding parties object to this request on the grounds that it is overly broad as to dates of the documents requested and the issue of housing inmates, as Plaintiff's complaint concerns a retaliatory transfer, the request is overly burdensome, and the documents requested are equally available to Plaintiff.  Without waiving said objections, and assuming Plaintiff is seeking documents pertaining to the transfer of inmates between institutions that were in effect in 2012, documents responsive to this request are being produced as Attachment 1.

### PLAINTIFF'S POSITION:

Plaintiff argues that his request #3 is not overburdensome and that he does not have access to the documents requested.  Plaintiff states that he was seeking administrative internal records that are kept strictly by CDCR and WSP's officials for employee training and access only.  Plaintiff argues that Defendants did not conduct a sufficient search for the documents requested, and they produced irrelevant documents.

### DEFENDANTS' POSITION:

Defendants objected to this request on the grounds that documents concerning the housing of inmates is not relevant to the issues of this case, which arise from Defendants' purported conspiracy to transfer Plaintiff, and his subsequent transfer to California State Prison – Sacramento (CSP-Sacramento). There are no outstanding claims that Defendants improperly housed Plaintiff. (*See generally* Amd. Compl.) Defendants' objections to these requests were therefore proper. Defendants also objected to this request on the grounds that it is overly burdensome, and the documents requested are equally available to Plaintiff. Defendants referred Plaintiff back to their prior responses, which provided all documents concerning transfer of inmates.  Plaintiff's motion fails to explain how these documents are relevant to his claims, and how such a broad request is proportionate to his needs.

### RULING:

The Court finds Defendants' response to Request #3 to be sufficient.  Plaintiff's Request #3 is overbroad in seeking "<u>any and all</u> documents <u>received, read, or reviewed</u> by defendants. . .<u>up to</u> August 2012."  Plaintiff argues that he was seeking administrative internal records not available to inmates; however, Request #3 does not reflect this.  Plaintiff has not shown how the housing documents he requests are relevant to his conspiracy and retaliation claims.  Therefore, Plaintiff's motion to compel a further response to Request #3 shall be denied.

**REQUEST #4:**

Any and all formal and informal written complaints including but not limited to inmates' appeals CDC-602 forms filed against any defendant alleging misconduct, poor performances of duties, reprisals that occured (*sic*) prior to August 9th, 2012 (including all written responses, appeal, reports, investigations, and/or correspondence regarding the complaint, not to exclude any memorandums).

**RESPONSE TO REQUEST #4:**

Responding parties object to this request on the grounds that it is overly broad as to time and the type of "misconduct" alleged, is overly burdensome, seeks information that is not relevant to the matters at issue in this case as there are no claims for the poor performance of duties against any of the Defendants, and the burden of producing the requested discovery outweighs its likely benefit. Without waiving said objections, there are no documents responsive to this request that specifically address Defendants' poor performance of their duties.

**PLAINTIFF'S POSITION:**

Plaintiff argues that Request #4 is not overly burdensome and is not seeking irrelevant information, because Plaintiff's claims include reprisals, conspiracy, and retaliatory transfer. Plaintiff seeks to discover highly admissible evidence under the prior bad acts rule 404(b) and habit evidence Rule 406. The documents requested would show intent, opportunity, preparation, and plan of the Defendants' pattern of retaliation.

**DEFENDANTS' POSITION:**

Defendants argue that Plaintiff fails to explain how the information requested is relevant. Additionally, such prior bad act evidence is inadmissible, therefore Plaintiff should be required to show how such a broad request is proportionate to his needs and claims. Defendants argue that Plaintiff should be required to limit his request, and his motion to compel further responses to this request as currently framed should be denied.

**RULING:**

This case now proceeds only with Plaintiff's claims that defendants conspired to retaliate against him, and the Court finds that evidence of defendants' past retaliatory acts are relevant to Plaintiff's claims. While under Rule 404(b), evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character, disciplinary documents related to claims of retaliation could be used to show a pattern of behavior or impeach a witness's testimony.

However, Plaintiff's request is overbroad as to the dates of the documents requested. Defendants shall be ordered to produce documents in response to Request #4 as narrowed here:

All inmate appeals on CDC-602 forms filed against any of the Defendants, and all written reports found in any of the Defendants' personnel files, alleging retaliation by any

> Defendant, limited to documents concerning conduct during the past three years (including all written responses, reports, investigations, incident reports, memorandums, and other written correspondence), in Defendants' possession, custody, or control.

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995); see also Allen v. Woodford, 2007 U.S. Dist. LEXIS 11026, 2007 WL 309945, at *2 (E.D.Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

Documents that are part of personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Soto, 162 F.R.D. at 614-15; Hampton v. City of San Diego, 147 F.R.D. 227, 230-231 (S.D.Cal. 1993); Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D.Cal. 1992). In civil rights cases brought under federal statutes, questions on privilege are resolved by federal law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975), aff'd on procedural grounds, 426 U.S. 394, (1976). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City off San Jose, 114 F.R.D. 653, 655 (N.D.Cal. 1987). A party invoking the qualified privilege for official information must at the outset made a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto, 162 F.R.D. at 613.

Defendants may redact private identification information such as addresses or telephone numbers before producing documents. If Defendants intend to claim a privilege or withhold documents on grounds of privacy or confidentiality, they may submit documents to the court for *in camera* review with briefing on the privilege or other basis for withholding the documents from Plaintiff. Such documents should not be filed on the court's public record but should be marked "confidential for *in camera* review" and submitted directly to the judge's chambers. On the date the documents are submitted, Defendants must file a separate "Notice of Submission of Documents" with the court, containing no documents or confidential information, informing the court that documents for *in camera* review were submitted to chambers.

Therefore, Plaintiff's motion to compel production of documents pursuant to Request #4 of Plaintiff's Request for Production, Set One, shall be granted.

## C.   Plaintiff's Second Motion to Compel (ECF No. 59.)

Plaintiff requests further responses to five requests made in Plaintiff's Request for Production, Set Two, which were served upon Defendants on April 28, 2016. Defendants responded to the requests on June 7, 2016 and made supplemental responses on July 11, 2016. The Court shall address each request in turn.

///

**REQUEST #1:**

Any and all incident report documents(s) includin (*sic*) but not limited to incident review notices, incident commander reviews, etc…that was generated by Wasco State Prison's custody staff which referred or related to the incident of June 13, 2012 at CTC where plaintiff was seriously injured.

**RESPONSE TO REQUEST #1:**

Responding parties object to this request on the grounds that the documents requested are irrelevant to the claims and defenses of this case. The incident referenced by Plaintiff concerns a medical incident that is the subject of a separate federal lawsuit filed by Plaintiff, <u>Tabatabaee v. Marshall</u>, 1:13-cv-00911-LJO-BAM. <u>See</u> ECF No 7, Order Dismissing Complaint with Leave to Amend. Without waiving said objections, and assuming any documents responsive to this request exist, any such documents would be maintained in Plaintiff's medical and central files, which are available for inspection and copying in accordance with the institution's policies and procedures.

**PLAINTIFF'S POSITION:**

Plaintiff argues that the documents requested in Request #1 are relevant because they relate to the June 13, 2012 incident at CTC (at WSP) where Plaintiff was injured, for which Plaintiff filed a staff complaint. Plaintiff's filing of the staff complaint was the reason he was retaliated against by the Defendants named in this action. Plaintiff asserts that he alleged in his complaint on page 12 that he sustained serious injuries at CTC. Plaintiff also argues relevance because in Defendants' Answer filed on February 22, 2016, Defendants denied Plaintiff's allegations about being injured on June 13, 2012. Plaintiff also argues that he requested incident reports, which are never placed in Plaintiff's medical or central files.

**DEFENDANTS' POSITION:**

Defendants argue that the incident at CTC where Plaintiff alleges he was injured is not relevant to the claims and defenses of this lawsuit. Defendants acknowledge that Plaintiff's grievance about the incident might have some limited relevance to the claims at issue, and report that this document is maintained in Plaintiff's central file and is available to him in accordance with prison policies.

**RULING:**

The court finds Defendants' response to Request #1 to be sufficient. Incident reports documenting the June 13, 2012 events at CTC in which Plaintiff was injured are not relevant to Plaintiff's claims that Defendants conspired to arrange a retaliatory transfer for him. Therefore, Plaintiff's motion to compel a further response to Request #1 shall be denied.

**REQUEST #2:**

Any and all records of disciplinary action(s) taken against each defendant by CDCR during their entire employment period with CDCR.

**RESPONSE TO REQUEST #2:**

Responding parties object to this request on the grounds that it is overly broad as to time and subject matter of the disciplinary records requested, is irrelevant to the claims or defenses that are the subject matter of this lawsuit, and the burden and expense of the proposed discovery outweighs its likely benefit. Without waiving said objections, there are no documents responsive to this request.

**PLAINTIFF'S POSITION:**

Plaintiff argues that the requested documents are relevant to show a pattern of previous misconduct of the inmates such as proof of motive, opportunity, intent, preparation, plan, knowledge identity, or absence of mistake of accident.

**DEFENDANTS' POSITION:**

Defendants argue that Plaintiff's request is overly broad and nothing more than character-conformity evidence prohibited by Federal Rule of Evidence 404(b). Defendants also assert that there are no documents responsive to this request, and they cannot provide documents that do not exist.

**RULING:**

The court finds Defendants' response to Request #2 to be sufficient. Defendants represent that there are no documents responsive to this request. Defendants cannot be expected to produce documents that do not exist. Therefore, Plaintiff's motion to compel a further response to Request #2 shall be denied.

**REQUEST #3:**

Any and all records including logs, daily movement sheets, of transfer of inmates from Wasco State Prison that was generated and maintained by CDCR including Wasco State Prison's officials during the period of June 1st 2012 to August 9th 2012. Be advised that the records should: specifically state/list the specific CDCR's institutions to which each inmate was transfered (*sic*) to during that period, including but not limited to the custody level, CCCMS or EOP level of care of the transfered (*sic*) inmates and 180 or 270 criteria endorsement of those transfered (*sic*) inmates from Wasco State Prison. For safety & security purposes of institution & inmates solely all names & CDC numbers of those transfered (*sic*) inmates which appear on those records of transfer are to be blacked out/dedacted (*sic*) by the defendants or their attorney prior to those records being provided to Plaintiff.

**RESPONSE TO REQUEST #3:**

Responding parties object to this request on the grounds that it seeks information that is deemed confidential under both CDCR's policies and procedures, and the Health Insurance Portability and Accountability Act (HIPAA**)**, as Plaintiff seeks information regarding the mental health status of other inmates, seeks information that is protected under state law in that Plaintiff's seeks information concerning the custody levels of other inmates, is overly broad, is irrelevant to the claims or defenses that are the subject matter of this lawsuit, and the burden and expense of the proposed discovery outweighs it likely benefit. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

**PLAINTIFF'S POSITION:**

Plaintiff argues that the documents requested are relevant because they will show the extent of transfer of inmates from WSP, which will confirm the Defendants' reprisals and retaliatory transfer of Plaintiff. Plaintiff argues that Defendants have not established any privilege within the meaning of Fed. R. Civ. P. 26(b) and Fed. R. Evid. 501, and Plaintiff has instructed Defendants to redact names and CDC numbers of inmates which appear on the transfer records. Plaintiff also argues that Defendants have control of the requested documents because they can request them from CDCR.

**DEFENDANTS' POSITION:**

Defendants argue that the information sought, including mental health status, custody levels, and endorsement criteria for each inmate transferred is confidential under CDCR's policies and procedures and HIPPA, violates the inmates' privacy, and seeks information about inmates who are not parties to this case. Defendants also argue that they have already provided Plaintiff with logs showing which institutions were open for intake between June 10, 2012 and August 9, 2012, and the criteria for transferring inmates to the receiving institutions.

**RULING:**

The court finds Defendants' response to Request #3 to be sufficient. Plaintiff's bare assertion that the documents requested are relevant to his claims is unpersuasive. Documents showing when, where, and why other inmates in all CDCR facilities were transferred during a two-month period, and the status of those inmates, are not relevant to whether any of the named Defendants at WSP arranged a retaliatory transfer for Plaintiff. Therefore, Plaintiff's motion to compel a further response to Request #3 shall be denied.

**REQUEST #4:**

Provide any and all records including lists, logs, memorandums notices, etc…listing specifically all level IV-180 design institutions/prisons of CDCR which were open for intake of level IV-180 general population (G.P.) CCCMS endorsed inmates, specifically from the period of June 10, 2012 up to including August 9th, 2012. Be advised that any records provided shall state daily listing of those requested institutions and shall have the dates for each of those daily listing(s).

**RESPONSE TO REQUEST #4:**

There are no documents responsive to this request, and Defendants are not required to create a document for purposes of discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST #4:**

There are no documents responsive to Plaintiff's specific request, however, there are documents showing which institutions were open for intake between June 10, 2012 and August 9, 2012. Those documents are being produced as Attachment 2.

///

**PLAINTIFF'S POSITION:**

Plaintiff argues that such documents do exist, generated by CDCR's Headquarters and WSP.  Plaintiff asserts that the documents produced by Defendants pursuant to their supplemental response are not all of the documents responsive to Request #4, as they are only weekly records, not daily records, and they do not contain the specific information sought by Plaintiff.

**DEFENDANTS' POSITION:**

Defendants argue that they produced documents from CDCR's Headquarters responsive to Request #4, even though the reports are weekly instead of daily, and they show which institutions were open for intake to inmates meeting specific criteria, and they should not be compelled to provide more documents.

**RULING:**

The court finds Defendants' response to Request #4 to be sufficient.  Plaintiff argues that he did not receive the specific information he sought, but he has not explained what information he did not receive or why he will suffer prejudice without the information.  The fact that Plaintiff requested daily reports but instead received weekly reports does not show that Plaintiff did not receive the information requested.  Therefore, Plaintiff's motion to compel a further response to Request #4 shall be denied.

**REQUEST #5:**

Any and all daily records including transfer logs, lists, notices, etc… that was generated & maintained by CDCR (including Wasco State Prison) during the period of June 10, 2012 to August 9th, 2012 listing specifically the daily transfer of level IV G.P. CCCMS inmates from Wasco State Prison to specifically level IV-180 design institutions of CDCR.  Be advised that for the safety & security purposes of the institution and inmates, the defendants or their attorney should follow the instructions provided with respect to the confidentiality of inmates' names & CDC numbers.

**RESPONSE TO REQUEST #5:**

There are no documents responsive to this request.

**PLAINTIFF'S POSITION:**

Plaintiff argues that there must be documents responsive to Request #5 because CDCR and WSP maintain records listing the daily transfer of inmates from WSP, such as master daily movement sheets, transfer roster logs, etc.  Plaintiff asserts that Defendants are withholding documents in a malicious attempt to deceive Plaintiff.

**DEFENDANTS' POSITION**

Defendants again state that there are no documents responsive to Request #5, and they cannot produce documents that do not exist.

///

///

**RULING:**

The court finds Defendants' response to Request #5 to be sufficient.  Plaintiff provides no evidence supporting his assertion that such documents exist, and Defendants cannot be compelled to produce documents that do not exist. Therefore, Plaintiff's motion to compel a further response to Request #5 shall be denied.

**VI.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to extend the discovery deadline, filed on August 8, 2016, is GRANTED;

2.     The deadline for the completion of discovery, including filing motions to compel, is extended from July 22, 2016 to January 30, 2017 for all parties to this action;

3.     Plaintiff's first motion to compel, filed on August 3, 2016, is GRANTED IN PART;

4.     Within thirty days from the date of service of this order, Defendants shall produce documents responsive to Request #4 of Plaintiff's first motion to compel, pursuant to this order; and

5.     Plaintiff's second motion to compel, filed on August 25, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **October 17, 2016**                          **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE