UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX TABATABAEE,<br><br>Plaintiff,<br><br>vs.<br><br>K. SANTORO, et al.,<br><br>Defendants. | 1:14-cv-01545-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY UNDER RULE 56 (ECF No. 66.)**<br><br>**ORDER FOR PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHIN 21 DAYS**<br><br>**TWENTY-ONE DAY DEADLINE** |

**I.    BACKGROUND**

Alex Tabatabaee ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On October 2, 2014, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with the Second Amended Complaint filed on May 25, 2016, against defendants Santoro, Marshall, Thompson, Gomez, Ruiz, McKee, Ervin, Thomas, and Yoder, on Plaintiff's claims for conspiracy and retaliation. (ECF No. 48.)

On February 23, 2016, the court issued a discovery and scheduling order establishing deadlines for the parties, including a discovery cut-off date of July 22, 2016, and a dispositive motions deadline of September 20, 2016. (ECF No. 34.) On October 18, 2016, the discovery cut-off date was extended to January 30, 2017. (ECF No. 65.) All of the deadlines have now expired.

On September 20, 2016, defendants Ervin, Gomez, Marshall, McKee, Ruiz, Santoro, Thomas, and Thompson filed a motion for summary judgment. (ECF No. 62.) On November

15, 2016, defendant Yoder filed a joinder. (ECF No. 67.) Plaintiff has not filed an opposition to the motion for summary judgment.

On October 24, 2016, Plaintiff filed a motion to stay Defendants' motion for summary judgment under Rule 56, to allow Plaintiff more time for discovery and to prepare his opposition to Defendants' motion for summary judgment. (ECF No. 66.) Defendants have not filed an opposition to the motion to stay.

Plaintiff's motion to stay is now before the court.

## II. MOTION TO STAY MOTION FOR SUMMARY JUDGMENT – RULE 56

Rule 56(d) of the the Federal Rules of Civil Procedure provides, "[i]f a nonmovant [in a motion for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

Plaintiff requests the court to stay Defendants' motion for summary judgment for 141 days, until he has completed discovery and all discovery issues are resolved. More specifically, Plaintiff asserts that he needs more discovery for these reasons: (1) Defendants' motion for summary judgment is premature, because Plaintiff's motions to compel and motion to extend the discovery deadline are pending; (2) Plaintiff has many unresolved discovery disputes with Defendants and their counsel about documents that were not produced pursuant to Plaintiff's requests for production of documents served on April 22, 2016, April 28, 2016, May 9, 2016, and July 1, 2016; (3) Plaintiff needs additional time to obtain discovery from defendant Yoder who was served with process after the other Defendants; (4) Defendants have not answered the complaint; (5) Plaintiff needs time to propound interrogatories and additional requests for production of documents upon all of the Defendants; (6) Plaintiff is inexperienced in law and

has chronic medical conditions that affect his ability to conduct legal work; and (5) Plaintiff has not received the documents requested from Defendants in his fourth request for production of documents.

Since the time that Plaintiff filed the motion to stay, discovery was extended until January 30, 2017; Plaintiff's motions to compel were resolved; and more than five months have passed. Plaintiff has had ample time to complete the discovery he needs to oppose Defendants' motion for summary judgment. There is no indication on the court record of discovery issues pending in this case, and no further motions to compel have been filed. The only motion now pending in this case is Defendants' motion for summary judgment. For these reasons, the court does not find good cause at this stage of the proceedings to extend discovery or defer ruling on the motion for summary judgment. Therefore, Plaintiff's motion to stay shall be denied, and Plaintiff shall be required to file his opposition within twenty-one days.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to stay Defendants' motion for summary judgment under Rule 56 is DENIED;
2. Plaintiff is required to file an opposition or a notice of non-opposition to Defendants' motion for summary judgment within twenty-one days of the date of service of this order; and
3. Plaintiff's failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **April 13, 2017**       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE